UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. MAUPIN, | No. C 08-0633 TEH (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CDCR DIRECTOR TILMAN, et al, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at San Quentin State Prison, filed this civil rights complaint under 42 U.S.C. § 1983 regarding his continued incarceration. Plaintiff has also filed an application to proceed in forma pauperis (docket no. 2). That motion is GRANTED in a separate order, filed simultaneously. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A and the Court now DISMISSES the complaint for the reasons set forth below.

## BACKGROUND

Plaintiff alleges in his complaint that Defendant has "failed to release the Plaintiff from parole 10/31/04. Defendant continues to violate Plaintiff's liberty and falsely imprison Plaintiff." Complaint at 3. He further alleges that he has spent 15 months in prison since that time for "technical rule violations." However, in the complaint, Plaintiff does not identify anything about parole violation proceedings or specify that the outcome of that proceeding has been set aside. Plaintiff seeks damages.

**DISCUSSION**

A.  Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.  Heck makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Heck, 512 U.S. at 489-90 (footnote omitted).

When a prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff

2

1 can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.
2 Where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole,
3 Heck applies. Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (interpreting Neal v.
4 Shimoda, 131 F.3d 818 (9th Cir. 1997)). But cf. id. at 858 (interpreting Bostic v. Carlson,
5 884 F.2d 1267 (9th Cir. 1989), to hold that Heck applies where expungement of a
6 disciplinary finding is "likely to accelerate" the prisoner's eligibility for parole); id. ("[T]he
7 likelihood of the effect on the overall length of the prisoner's sentence from a successful
8 § 1983 action determines the availability of habeas corpus" and thus the applicability of
9 Heck).

10    "Heck applies to proceedings [that] call into question the fact or duration of parole."
11 Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A
12 challenge to the denial of parole, whether based upon procedural defects in the parole hearing
13 or upon allegations that parole was improperly denied on the merits, directly implicates the
14 validity of the prisoner's continued confinement. See Butterfield v. Bail, 120 F.3d 1023,
15 1024 (9th Cir. 1997). Similarly, a challenge to the denial of parole by inmates convicted of
16 certain offenses, based upon allegations of deceit and bias in the administration of the state's
17 parole statutes, implies the invalidity of the inmates' confinement "insofar as their prolonged
18 incarcerations are due to the purported bias of state officials." McQuillion v.
19 Schwarzenegger, 369 F.3d 1097-98 (9th Cir. 2004) (disclaimer in complaint that the inmates
20 "do not seek relief that implicates the continuing validity of their confinement" does not take
21 their claims outside of Heck's bar). Where, as here, a successful claim would "necessarily
22 accelerate" Plaintiff's release, the action must be DISMISSED without prejudice.

## CONCLUSION

24    For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons
25 set forth above. The Clerk shall close the file and enter judgment in this case.
26 SO ORDERED.
27 DATED:   02/05/08

*/s/ Thelton Henderson*
THELTON E. HENDERSON
United States District Judge

3

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. MAUPIN, | Case Number: CV08-00633 TEH |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| TILMAN, et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David W. Maupin #T-08117
San Quentin State Prison
San Quentin, CA 94964

Dated: February 6, 2008

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk